# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RUSSEL BUSTER,** | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Case No.: _____ |
| | * | |
| **B&D MARITIME, INC.,** | * | |
| **RANDY W. BOGGS,** | * | |
| **TCJ HOLDINGS, LP,** | * | **JURY TRIAL REQUESTED** |
| **WILLIAMS MANAGEMENT LLC** | * | |
| **and THOMAS P. WILLIAMS, JR.,** | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, Russel Buster, Plaintiff in the above-styled cause and files the following Complaint against the Defendants, and each of them, individually and jointly, TCJ Holdings, LP ("TCJ"), Williams Management LLC ("Williams"), Thomas P. Williams, Jr. ("T. Williams"), B&D Maritime, Inc. ("B&D") and Randy W. Boggs ("Boggs") and alleges as follows:

## PARTIES

1. TCJ is an Alabama limited partnership.

2. Williams is a limited liability company who is the general partner of TCJ.

3. T. Williams is a resident of Jefferson County, Alabama and is a member of Williams (TCJ, Williams. and T. Williams are collectively referred to as "the Williams Defendants").

1

4. TJC, Williams and/or T. Williams were the owners of the pleasure vessel *Ashley Marie Grace* on or about September 16, 2020 when Hurricane Sally ("Sally") came ashore in Orange Beach, Alabama.

5. B&D is an Alabama corporation doing business in Orange Beach, Alabama.

6. Boggs is a resident of Orange Beach, Alabama and is a shareholder and president of B&D.

7. When Sally came ashore on September 16, 2020, B&D and/or Boggs (collectively referred to as the "Boggs Defendants") were the owners of the pleasure vessel *Weather or Knot* and/or San Roc Cay Marina ("the Marina"), located in Orange Beach, Alabama.

## JURISDICTION/VENUE

8. This is a maritime claim brought pursuant to Rule 9 (h) of the *Federal Rules of Civil Procedure*. This action is within the Court's admiralty and maritime jurisdiction pursuant to Act III, § 2 of the United States Constitution and 28 U.S.C. § 1333.

9. Venue is proper because all material acts and/or omissions alleged herein occurred in this District.

## FACTS

10. During Sally, said pleasure vessels came loose from their purported moorings at the Marina allowing them to be driven by the wind and/or seas. Said vessels subsequently allided with Plaintiff's pier, property and house proximately causing substantial damages.

11. Upon information and belief, the Boggs Defendants failed to evacuate the *Weather or Knot* from the Marina after a hurricane warning had been issued by the National Hurricane Center. The Boggs Defendants failed to require lessees of the Marina to move their boats prior to the arrival of the storm. Boggs encouraged lessees to leave their boats and stay on their vessels - some of whom were even having hurricane parties. Upon information and belief, Boggs turned on the double red warning lights on the *Weather or Knot* indicating that she was unmanned. Boggs was clearly concerned that the Marina would not hold the *Weather or Knot* during Sally.

12. Upon information and belief, Williams was aboard *Ashley Marie Grace* at the Marina during Sally and when it subsequently allided with Plaintiff's house.

## COUNT ONE
### Negligence

13. Plaintiff adopts and realleges the allegations set forth in paragraphs 1-12 of the Complaint as if set forth fully and completely herein.

14. Defendants', and each of them, were negligent in one or more of the following ways by their acts and/or omissions: failing to properly secure their vessels, failing to move their vessels to a safe location, failing to have, maintain and/or follow hurricane plans, failing to follow the warnings of the National Hurricane Center, violating their policies and procedures for hurricane preparedness, failing to have proper/adequate moorings for said vessels, failed to train, supervise, and/or hire personnel regarding mitigating the effects of a hurricane, and the Boggs Defendant knew, or should have

known, that the pilings in the Marina were inadequate to safely secure the *Ashley Marie Grace* and the *Weather or Knot*.

15. Plaintiff's damages were proximately caused by the negligence of the Defendants, and each of them, which combined, concurred, and contributed, for which the Defendants are liable *in personam*.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, in excess of $2,000,000, plus cost and such other relief that they are legally entitled to.

### PLAINTIFF DEMAND JURY TRIAL BY STRUCK JURY

Respectfully submitted,

*s/ Thomas H. Benton, Jr.*
THOMAS H. BENTON, JR.
(ASB-7091-N61T)

*s/ James J. Dailey*
James J. Dailey

OF COUNSEL:

Benton Law, LLC
5 Dauphin Street, Suite 301
Mobile, Alabama 36602
(251) 338-4286 Telephone
(251) 694-1998 Facsimile
tom@benton-law.com

James J. Dailey
James J. Dailey, P.C.
1111 Dauphin St.
Mobile, AL 3660
(251)-441-9946 Telephone
(251)-650-3896 Facsimile
jim@jimdailey.com

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

TCJ Holdings, LP
2900 Redmont Park Circle Apt 102W
Birmingham, AL 35205

Williams Management LLC
401 20th St South
Birmingham, AL 35205

Thomas P. Williams, Jr.
2900 Redmont Park Circle Apt 102W
Birmingham, AL 35205

B&D Maritime, Inc.
27267 Perdido Beach Blvd.
Orange Beach, AL 36561-3866

Randy W. Boggs
27267 Perdido Beach Blvd.
Orange Beach, AL 36561-3866