# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **RUSSEL BUSTER,** ) | |
| ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Case No.: 1:21-cv-00137-TFM-M** |
| ) | |
| **B&D MARITIME, INC,** ) | |
| **RANDY W. BOGGS,** ) | |
| **TCJ HOLDINGS, LP,** ) | |
| **WILLIAMS MANAGEMENT LLC** ) | |
| and **THOMAS P. WILLIAMS, JR.,** ) | |
| ) | |
|     **Defendants,** ) | |
| ) | |
| and ) | |
| ) | |
| **B&D MARITIME, INC., AS OWNER** ) | |
| **OF THE WEATHER OR KNOT** ) | |
| **FOR EXONERATION FROM OR** ) | |
| **EXONERATION FROM OR** ) | |
| **LIMITATION OF LIABILITY,** ) | |
| ) | |
| and ) | |
| ) | |
| **TCJ HOLDINGS, LP, AS OWNER** ) | |
| **OF THE ASHLEY MARIE GRACE,** ) | |
| **FOR EXONERATION FROM OR** ) | |
| **LIMITATION OF LIABILITY.** ) | |

## THIRD-PARTY COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW TCJ Holdings, LP, as owner of the vessel *ASHLEY MARIE GRACE* on the date of the loss at issue in this action, and, pursuant to Rule 9(h) of the *Federal Rules of Civil Procedure*, 46 U.S.C. §§ 30501, *et seq.*, 46 U.S.C. §§ 30101 and Rule F of the *Supplemental Rules for Certain Admiralty or Maritime Claims*, files this Third-Party Complaint for Exoneration from or Limitation of Liability within the admiralty and maritime jurisdiction of this Honorable Court. As support for its action, TCJ Holdings, LP shows unto this Honorable Court as follows:

1. This Third-Party Complaint for Exoneration from or Limitation of Liability for claims of maritime tort on navigable waters invokes the court's jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 30511 and Rule 9(h) of the *Federal Rules of Civil Procedure.*

2. The subject vessel *Ashley Marie Grace*, is a 68-foot pleasure craft, 68 Convertible Model, manufactured in 2007 by Hatteras Yachts, bearing Hull Serial #HATGT632H607.

3. TCJ Holdings, LP ("TCJ") is and, at the time of the September 16, 2020 incident at issue was, a limited partnership organized and existing under the laws of the State of Alabama having its principle place of business in the City of Birmingham in Jefferson County, Alabama. On September 16, 2020, the date of

the incident giving rise to this action, TCJ was the owner of the vessel *Ashley Marie Grace*, (hereinafter, "the Vessel" or "*Ashley Marie Grace*").

  4. At all times relevant to the subject action, TCJ used due diligence to make and maintain the Vessel, in all respects, seaworthy, tight, staunch, strong and fully and property manned, equipped and supplied and in all other respects seaworthy and fit for the service in which she was engaged; the Vessel was, in fact, at all times pertinent hereto, in all respects seaworthy, tight, staunch, strong and fully and property manned, equipped and supplied and in all other respects seaworthy and fit for the service in which she was engaged.

  5. In preparation for the landfall of Hurricane Sally on September 16, 2020, TCJ used due diligence to maintain the Vessel, in all respects, seaworthy, tight, staunch, strong and fully and property manned, equipped and supplied and in all other respects seaworthy and fit for the service in which she was engaged and properly and securely moored on the navigable waters of Cotton Bayou at San Roc Cay Marina, 27267 Perdido Beach Boulevard, Orange Beach, Alabama 36561.

  6. On September 16, 2020, the Vessel was, in fact, in all respects, seaworthy, tight, staunch, strong and fully and property manned, equipped and supplied and in all other respects seaworthy and fit for the service in which she was engaged and properly and securely moored on the navigable waters of Cotton

Bayou at San Roc Cay Marina, 27267 Perdido Beach Boulevard, Orange Beach, Alabama 36561.

7. At approximately 5:00 a.m. on September 16, 2020, Hurricane Sally made landfall as a Category 2 hurricane with maximum sustained winds of 102 miles per hour in Gulf Shores, Alabama. Gulf Shores, Alabama is approximately seven (7) miles southwest of Orange Beach, Alabama where the Vessel was properly and securely moored at San Roc Cay Marina.

8. During Hurricane Sally, another vessel moored at San Roc Cay Marina, the *Weather or Knot*, broke free of its moorings and crashed through the dock to which the *Ashley Marie Grace* was properly and securely moored. The dock to which the *Ashley Marie Grace* was destroyed. The *Weather or Knot* continued in a westerly direction. Once the dock was destroyed, the *Ashley Marie Grace* and the pilings to which the *Ashley Marie Grace* was properly and securely moored drifted in a westerly direction within the navigable waters of Cotton Bayou and was unable to be brought under power. The *Ashley Marie Grace* ultimately ran aground at or near that property located at 26954 Cotton Bayou Drive, Orange Beach, Alabama, which, upon information and belief, is owned by Plaintiff Russel Buster. As a result of the incident herein described, the *Ashley Marie Grace* sustained extensive damages.

9. Russel Buster, (hereinafter, "Buster"), filed a complaint alleging that he sustained property damages and/or other losses subject to limitation under 46 U.S.C. § 30505(b) as a result of the September 16, 2020 incident described in Paragraph 8 ("the Incident"). (Doc. 1.) Specifically, Buster seeks to recover under the legal theory of negligence against TCJ and others for property damages allegedly arising out of the Incident. (*Id.*)

10. Others may assert claims for property damages and/or other losses subject to limitation under 46 U.S.C. § 30505(b) as a result of the Incident described in the future.

11. The Incident and any damages claimed as a result thereof were in no way caused by or contributed to by any fault, neglect or want of due care on the part of TCJ.

12. The Incident and any damages claimed as a result thereof, occurred without the fault of TCJ.

13. The Incident and any damages claimed as a result thereof were proximately caused in whole or in part and are the result, in whole or in part, of the acts and/or omissions of third parties and/or instrumentalities over which TCJ exercised no right of control and for which TCJ has no legal liability.

14. The aforementioned alleged damages were not due to any fault, neglect, or want of due care on the part of TCJ Holdings, LP, Williams

Management, LLC, Thomas P. Williams, Jr. or any other individual or entity for whom TCJ may be responsible.

15. The aforementioned alleged damages were occasioned and occurred without the privity or knowledge of TCJ. This action is filed within six months of the date TCJ first received written notice of a limitable claim in excess of the Vessel's value on May 7, 2021 when Plaintiff Buster, by and through his counsel, provided TCJ with the Summons and Complaint and formally requested in writing that TCJ waive service of summons. (Doc. 15: Waiver of Service of Summons, May 10, 2021.) TCJ files its Third-Party Complaint for Exoneration or Limitation of Liability in compliance with FED. R. CIV. P. SUPP. F(1).

16. At the time of this filing, and upon information and belief, TCJ Holdings has knowledge of the following individuals having potential or existing claims subject to limitation:

- Russel Buster. by and through his attorneys Thomas H. Benton, Esq., 5 Dauphin Street, Suite 301, Mobile, Alabama 36602 and James J. Dailey, Esq., 1111 Dauphin Street, Mobile, Alabama 36604;

- Don McMaster, by and through his attorney, Robert Reich, Esq., Two Lakeway Center, Suite 1000, 3850 N. Causeway Boulevard, Metairie, Louisiana 70002;

- Marina Village Owners Association, by and through its attorney Robert Reich, Esq., Two Lakeway Center, Suite 1000, 3850 N. Causeway Boulevard, Metairie, Louisiana 70002;

- Atlantic Specialty Insurance Company, as subrogee of B&D Maritime, Inc., by and through Thomas F. Kula, Claims Manager, International Marine Underwriters, 1 State Street Plaza, 31st Floor, New York, NY 10004;

- B&D Maritime, Inc. and *F/V Weather or Knot*, by and through their attorneys, Eric D. Hoagland, Esq. and LaBella S. McCallum, Esq., McCallum Hoagland McCallum, 905 Montgomery Highway, Suite 201, Vestavia Hills, Alabama 35216;

- Bloodsport Charters, LLC and the F/V BLOOD SPORT, 4051 Barrancas Avenue, Pensacola, Florida 32507; and,

- Fish Trap Charters, LLC and the F/V FISH TRAP V, PO Box 1328, Orange Beach, Alabama 36461.

17. As of the date of filing, TCJ is aware of the claims made in Buster's original complaint in this pending action, Case No 1:21-cv-137-TFM-M.

18. Other than this pending action and the claimants listed above, TCJ is unaware of any other demands, unsatisfied liens, or claims of liens, whether in contract or in tort, against the *Ashley Marie Grace* or any other suits pending therein, nor have any vessel(s) been sued *in rem*, to TCJ's knowledge.

19. As shown in the Declaration of Value, attached to and fully incorporated into this filing as Exhibit 1, the aggregate value of and TCJ's interest in the *Ashley Marie Grace* and all its appurtenances, was THREE HUNDRED TWENTY-FOUR THOUSAND FOUR HUNDRED SEVENTY-EIGHT AND FOURTEEN/ONE-HUNDREDTHS DOLLARS ($324,478.14) immediately following the September 16, 2020 incident at issue. There was no pending freight at the time of the Incident.

20. After the incident, the Vessel was placed in dry storage until it was sold to the highest bidder at public auction in this district on or about April 9, 2021. As of the date of this filing, TCJ has been unable to determine the location of the Vessel, despite diligent effort. Cooper Capital Specialty Salvage, LLC, P. O. Box 349, Old Saybrook, Connecticut 06475, the entity that conducted the auction, is unable to release the name of the current owner or the current location of the Vessel without court order due to privacy concerns. It will require a subpoena to make that determination.

20. As security for value and costs in accordance with FED. R. CIV. P. SUPP. F(1), a Letter of Undertaking is submitted herewith for the Court's consideration and, if it please the Court, approval, in the amount of THREE HUNDRED TWENTY-FIVE THOUSAND FOUR HUNDRED SEVENTY-EIGHT AND FOURTEEN/ONE-HUNDREDTHS DOLLARS ($325,478.14), which includes the value of TCJ's interest in the Vessel at the end of the voyage, ($324,478.14), together with security for causes in the sum of ONE THOUSAND AND 00/ONE-HUNDREDTHS DOLLARS ($1,000.00) pursuant to S.D. ALA. CIV. R. 105(a), with interest at SIX PERCENT (6%) per annum from its date, executed by a duly authorized agent for TCJ's liability. Said Letter of Undertaking is attached to and incorporated into this filing as Exhibit 2.

21. TCJ claims exoneration from liability for any and all losses or damages occurring as a result of the Incident and for any and all claims for any and all losses or damages occurring as a result of the Incident. TCJ asserts that it has valid defenses for same on the facts and the law.

22. TCJ affirmatively denies all liability for any and all losses or damages occurring as a result of the Incident. Notwithstanding, should TCJ be held liable to any degree to any individual or entity, said liability should be limited to and not exceed the value of TCJ's interest in the *Ashley Marie Grace* and her freight as she immediately lay after the casualty, *i.e.*, the maximum aggregate of $324,478.14, as provided for by 45 U.S.C. §§ 30501, *et seq.*

23. Should it later appear that TCJ is or may be liable and that the amount or value of its interests in the Vessel and her pending freight is not sufficient to pay all losses in full, then all claimants shall be made to share the aforesaid $324,478.14 represented in the Letter of Undertaking *pro rata*, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the applicable statutes, *Federal Rules of Civil Procedure*, *Supplemental Rules for Certain Admiralty or Maritime Claims*, general maritime law and by the rules and practices of this Court.

WHEREFORE, foregoing premises considered, TCJ Holdings, LP prays that this Honorable Court accept this Third-Party Complaint for Exoneration or

Limitation of Liability, Declaration of Vessel Value and Letter of Undertaking as provided in FED. R. CIV. P. SUPP. F. and grant TCJ Holdings, LP the additional relief sought in its Motion for Interim Relief and Entry of Concursus Order filed contemporaneously herewith.

DATED this 23rd day of June, 2021.

By: /s/ *Christina May Bolin*
CHRISTINA MAY BOLIN (MAYCH6582)
*Attorney for Defendants TCJ Holdings, LP,*
*Williams Management, LLC and*
*Thomas P. Williams, Jr.*

**OF COUNSEL:**

**CHRISTIAN & SMALL LLP**

1 Timber Way, Ste. 101
Daphne, AL 36527
Telephone: (251) 415-9256
cmbolin@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23rd, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all counsel of record:

Thomas H. Benton, Jr., Esq.
Benton Law, LLC
5 Dauphin Street, Suite 301
Mobile, Alabama 36602
tom@benton-law.com

James J. Daily, Esq.
James J. Dailey, PC
1111 Dauphin Street
Mobile, AL  26604
jim@jimdailey.com

Eric D. Hoaglund, Esq.
LaBella S. McCallum, Esq.
McCallum Hoaglund & McCallum, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, AL  35216
edh@mhmfirm.com
lsm@mhmfirm.com

                                                */s/ Christina May Bolin*
                                                COUNSEL