## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RUSSEL BUSTER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.:** |
| **v.** | * | **1:21-cv-137-TFM-M** |
| | * | |
| **B&D MARITIME, INC., et al.,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendants.** | * | |
| | * | |
| **and** | * | |
| | * | |
| **B&D MARITIME, INC. AS OWNER** | * | |
| **OF THE WEATHER OR KNOT FOR** | * | |
| **EXONERATION FROM OR** | * | |
| **LIMITATION OF LIABILITY,** | * | |
| | * | |
| **and** | * | |
| | * | |
| **MARINA VILLAGE OWNERS** | * | |
| **ASSOCIATION, INC.** | * | |
| | * | |
| **Third-Party Plaintiff Claimant** | * | |
| **and Counter-claim.** | * | |

## THIRD-PARTY COMPLAINT, ANSWER TO THIRD-PARTY COMPLAINT AND COUNTER CLAIM

COMES NOW, Marina Village Owners Association, LLC, Third-Party Plaintiff in the above-styled cause and files the following Third-Party Complaint against the Defendants, and each of them, individually and jointly, TCJ Holdings, LP ("TCJ"), Williams Management LLC ("Williams"), Thomas P. Williams, Jr. ("T. Williams"), B&D Maritime, Inc. ("B&D") and Randy W. Boggs ("Boggs") and alleges as follows:

1

## PARTIES

1.      TCJ is an Alabama limited partnership.

2.      Williams is a limited liability company who is the general partner of TCJ.

3.      T. Williams is a resident of Jefferson County, Alabama and is a member of Williams (TCJ, Williams. and T. Williams are collectively referred to as "the Williams Defendants").

4.      TJC, Williams and/or T. Williams were the owners of the pleasure vessel *Ashley Marie Grace* on or about September 16, 2020 when Hurricane Sally ("Sally") came ashore in Orange Beach, Alabama.

5.      B&D is an Alabama corporation doing business in Orange Beach, Alabama.

6.      Boggs is a resident of Orange Beach, Alabama and is a shareholder and president of B&D.

7.      When Sally came ashore on September 16, 2020, B&D and/or Boggs (collectively referred to as the "Boggs Defendants") were the owners of the pleasure vessel *Weather or Knot* and/or San Roc Cay Marina ("the Marina"), located in Orange Beach, Alabama.

## JURISDICTION/VENUE

8.      This is a maritime claim brought pursuant to Rule 9 (h) of the *Federal Rules of Civil Procedure*. This action is within the Court's admiralty and maritime jurisdiction pursuant to Act III, § 2 of the United States Constitution and 28 U.S.C. § 1333.

9.      Venue is proper because all material acts and/or omissions alleged herein occurred in this District.

## FACTS

10.     During Sally, said pleasure vessels came loose from their purported moorings at the Marina allowing them to be driven by the wind and/or seas. Said vessels subsequently allided with Plaintiff's pier, property, pool and other common areas proximately causing substantial damages.

11.     Upon information and belief, the Boggs Defendants failed to evacuate the *Weather or Knot* from the Marina after a hurricane warning had been issued by the National Hurricane Center. The Boggs Defendants failed to require lessees of the Marina to move their boats prior to the arrival of the storm. Boggs encouraged lessees to leave their boats and stay on their vessels - some of whom were even having hurricane parties. Upon information and belief, Boggs turned on the double red warning lights on the *Weather or Knot* indicating that she was unmanned. Boggs was clearly concerned that the Marina would not hold the *Weather or Knot* during Sally.

12.     Upon information and belief, Williams' captain was aboard *Ashley Marie Grace* at the Marina during Sally and when it subsequently allided with Plaintiff's house.

## COUNT ONE
### Negligence

13.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1-12 of the Complaint as if set forth fully and completely herein.

14.      Defendants, and each of them, were negligent in one or more of the following ways by their acts and/or omissions: failing to properly secure their vessels, failing to move their vessels to a safe location, failing to have, maintain and/or follow

3

hurricane plans, failing to follow the warnings of the National Hurricane Center, violating their policies and procedures for hurricane preparedness, failing to have proper/adequate moorings for said vessels, failed to train, supervise, and/or hire personnel regarding mitigating the effects of a hurricane, and the Boggs Defendant knew, or should have known, that the pilings in the Marina were inadequate to safely secure the *Ashley Marie Grace* and the *Weather or Knot*.

15.     Plaintiff's damages were proximately caused by the negligence of the Defendants, and each of them, which combined, concurred, and contributed, for which the Defendants are liable *in personam*.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, in excess of $300,000, plus cost and such other relief that they are legally entitled to.

## ANSWER AND CLAIM/COUNTERCLAIMS OF MARINA VILLAGE OWNERS ASSOCIATION, LLC

Come now, MARINA VILLAGE OWNERS ASSOCIATION, LLC [hereinafter called "Claimant" for convenience], who is a claimant against the plaintiff-in-limitation, B&D Maritime, Inc., pursuant to Supplemental Rule F(5), Supplemental Rule A(2), Rules 7(a)(2), 8 and 12(a)(1)(A)of the Federal Rules of Civil Procedure, in answer to the Complaint in Limitation which seeks exoneration from or limitation of liability from the events made the basis of the underlying suit, DENIES that petitioners are entitled either to exoneration or to limitation of liability under the Limitation of Liability Act and makes claims against said petitioners as well. In support hereof, say as follows:

1.     Admit.

2.      Claimant is without sufficient information as to the allegations of this paragraph and therefore, such is denied at this time.

3.      Admit.

4.      Deny the allegations of this paragraph of the petition.

5.      Admit, except as to the term "moored" as claimant is without sufficient information as to this allegation of this paragraph and therefore, such is denied at this time.

6.      Admit that Hurricane Sally made landfall near Orange Beach, Alabama on or about September 16, 2020.  The remaining allegations are denied.

7.      Claimant admits that petitioner's vessel allided with claimant's property causing extensive damages. Claimant is without sufficient information as to the remaining allegation of this paragraph and therefore, such is denied at this time.

8.      Unknown, therefore, denied.

9.      Admit.

10.     Denied.

11.     Denied.

12.     Claimant is without sufficient information as to the remaining allegation of this paragraph and therefore, such is denied at this time.

13.     Admit.

14.     Unknown, therefore, denied.

15.     Denied.

16.     Admit.

17.     No allegation is made against the Claimant; therefore, no response is required.

18.     Denied. Request for relief, denied.

19.     Denied.

20.     Denied.

## FIRST DEFENSE

Except as specifically admitted herein, claimant denies all allegations of the Limitation Petition.

## SECOND DEFENSE

The events made the basis of this proceeding occurred within the privity or knowledge of plaintiffs-in-limitation, and plaintiffs-in-limitation are not entitled to limitation or exoneration.

## THIRD DEFENSE

The Claimant alleges that the security posted by petitioners is legally insufficient, and the limitation fund is therefore inadequate. The value of the Petitioners' interest in the vessel, its appurtenances, and its pending freight is greater than the security and any interim stipulation posted herein, and therefore, the limitation petition should be dismissed for failure to comply with the provisions of the Limitation of Liability Act, 46 U.S.C. §30501, et seq.

## FOURTH DEFENSE

The Claimant alleges that unsafe and unseaworthy conditions existed aboard the vessel prior to the time of the allision, which were known or should have been known to

the management employees. Said unsafe and unseaworthy conditions caused or contributed to the accident which is the basis of this suit and the losses resulting there from. Therefore, the Petitioners should be denied the relief sought herein and the petition for limitation of or exoneration from liability should be dismissed, with costs taxed to the Petitioners.

### FIFTH DEFENSE

Petitioners are not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the vessel and the negligent/wanton conduct causing the loss which is the basis of this suit occurred with the privity and knowledge of the Petitioners, and the Petitioners themselves were negligent and/or wanton in the management and operation of the vessel. Therefore, the Petitioners should be denied the relief sought herein and the petition for limitation of or exoneration from liability should be dismissed, with costs taxed to the Petitioners.

### SIXTH DEFENSE

The petition fails to state a claim upon which relief may be granted.

### SEVENTH DEFENSE

Only an owner of a vessel can allegedly claim limitation of or exoneration from liability and any other claims should be dismissed, with costs taxed to the Petitioners.

### EIGHTH DEFENSE

The various provisions of the Limitation of Shipowner's Liability Act are not ambiguous, nor are they in conflict with one another: the Act requires stays of proceedings against ship owners; it does not permit stays of proceedings against others.

7

## NINTH DEFENSE

The putative ex parte limitation injunction which the limitation plaintiffs seek in this case are improper and invalid to the extent that it goes beyond the scope allowed by the Limitation of Liability Act.

## TENTH DEFENSE

The petition for limitation in this case purports to include parties which are specifically not allowed to complain under the statute for Limitation of Liability, or to seek or be protected by injunctive relief thereunder.

## ELEVENTH DEFENSE

The petition for limitation/exoneration in this case is time-barred.

## CLAIMS AND OR COUNTER-CLAIMS OF MARINA VILLAGE OWNERS ASSOCIATION, LLC

COMES NOW, MARINA VILLAGE OWNERS ASSOCIATION, LLC, Claimant/Counter-Claimant, in the above-styled cause and files the following claims/counter-claims against the Petitioner, B&D Maritime, Inc. and alleges as follows:

## PARTIES

1.     Claimant/Counter-Claimant, MARINA VILLAGE OWNERS ASSOCIATION, LLC, is an Alabama business entity with its principal place of business in Baldwin County, Alabama.

2.     Petitioner, B&D Maritime, Inc., is an Alabama limited liability company.

3.     B&D Maritime, Inc. was the owner of the fishing vessel Weather or Knot on or about September 16, 2020 when Hurricane Sally ("Sally") came ashore in Orange Beach, Alabama.

## JURISDICTION/VENUE

4.     This is a maritime claim brought pursuant to Rule 9 (h) of the Federal Rules of Civil Procedure. This action is within the Court's admiralty and maritime jurisdiction pursuant to Act III, § 2 of the United States Constitution and 28 U.S.C. § 1333.

5.     Venue is proper because all material acts and/or omissions alleged herein occurred within this District.

## FACTS

6.     During Hurricane Sally, said fishing vessel allided with Claimant's property proximately causing substantial damages.

## COUNT ONE Negligence

7.     Claimant/Counter-Claimant adopts and realleges the allegations set forth in paragraphs 1-6 above as if set forth fully and completely herein.

8.     Petitioner was negligent in one or more of the following ways by their acts and/or omissions: failing to properly secure their vessel, failing to move their vessel to a safe location, failing to have, maintain and/or follow hurricane plans, failing to follow the warnings of the National Hurricane Center, violating their policies and procedures for hurricane preparedness, failing to have proper/adequate moorings for said vessel, failed to train, supervise, and/or hire personnel regarding mitigating the effects of a hurricane, and the pilings were inadequate to safely secure the vessel.

9.      Plaintiff's damages were proximately caused by the negligence of the Petitioner for which the Defendant is liable in personam.

WHEREFORE, Claimant/Counter-Claimant demands judgment against the Petitioner for all the damages he is legally entitled to recover, that petitioners may not seek exoneration for the allision and consequences because it was in privity and knowledge of the negligent acts and/or omissions causing Claimant's damages; the Court will enter such orders as may be necessary to determine the correct amount of the bond for security which should be filed by these Petitioners; that this Court withdraw its injunction prohibiting the commencement and/or staying the prosecution of any and all actions against non-vessel owners; that this Court enter an order dismissing this limitation proceeding and permitting the Claimant to proceed with his action or, alternatively, holding that petitioners and others are liable for all of claimant's damages sustained by reason of the casualty which is the basis of this suit; and that this Court grant such other and further relief, as justice and equity may require.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

*/s/ Thomas H. Benton, Jr.*
Thomas H. Benton
(ASB-7091-N61T)

*/s/ James J. Dailey*
James J. Dailey
(DAIJ0324)

10

OF COUNSEL:

Benton Law, LLC
5 Dauphin Street, Suite 301
Mobile, Alabama 36602
(251) 338-4286 Telephone
(251) 694-1998 Facsimile
tom@benton-law.com

James J. Dailey, P.C.
1111 Dauphin St.
Mobile, AL 3660
(251)-441-9946 Telephone
(251)-650-3896 Facsimile
jim@jimdailey.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have, on July 14, 2021 submitted the above through the Court's CM/ECF system which will electronically serve all counsel of record.

*/s/ Thomas H. Benton, Jr.*