IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUSSEL BUSTER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:21-cv-137-TFM-M |
| ) | |
| B&D MARITIME, INC, ) | |
| RANDY W. BOGGS, ) | |
| TCJ HOLDINGS, LP, ) | |
| WILLIAMS MANAGEMENT LLC ) | |
| And THOMAS P. WILLIAMS, JR., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| B&D MARITIME, INC., AS OWNER ) | |
| OF THE WEATHER OR KNOT ) | |
| FOR EXONERATION FROM OR ) | |
| EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY, ) | |
| ) | |
| and ) | |
| ) | |
| TCJ HOLDINGS, LP, AS OWNER ) | |
| OF THE ASHLEY MARIE GRACE, ) | |
| FOR EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants *B&D Maritime, Inc. and Randy Boggs' Motion to Dismiss Third-Party Complaint, Answer to Third-Party Complaint and Counterclaim* (Doc. 38, filed 08/31/21). Defendant B&D Maritime, Inc. ("B&D") and Defendant Randy Boggs ("Boggs") move this Court to dismiss Third Party Plaintiff Marina Village Owners Association, Inc.'s ("Marina Village") claims against B&D and Boggs as untimely. The motion is opposed by Marina

Village in its response which also includes an alternative request for extension of time to file a claim (Doc. 46, filed 09/09/21).  Defendants B&D and Boggs further supplement their motion with their reply (Doc. 51, filed 09/28/21).  For the reasons discussed below, the motion to dismiss (Doc. 38) is **DENIED** and the alternative request for extension (Doc. 46) is **GRANTED**.

  B&D and Boggs previously filed a *Motion for Entry of Default Against Non-Appearing Claimants*, which included Marina Village.  *See* Doc. 29.  This Court denied that motion, finding that though Defendants were correct in that the claims were originally due on or before June 23, 2021, and Marina Village did not file its claim until July 14, Marina Village did file its answer/claim prior to that motion for default judgement (July 23).  Moreover, defaults are disfavored and the resolution of a case on its merits is preferred.  *Florida Physician's Ins. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  The Court finds that the same reasoning for the denial of default and default judgment applies to the current motion.

  Though the current motion is filed as a motion to dismiss as opposed to a motion for default, it is a distinction without a difference as the intent is clearly to strike Marina Village's Third-Party Complaint, Answer to Third-Part Complaint, and Counterclaim (Doc. 26) thereby making it a non-claimant.  Furthermore, the motion does not cite under which rule the motion is brought.  Under Rule 12(b), parties may move to dismiss based on the following defenses: "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."  FED. R. CIV. P. 12(b).  None of these seven defenses seemingly apply and the motion adds little clarity.  Therefore, the Court presumes that the motion is brought as a sanction request for untimeliness under Fed. R. Civ. P 41(b).  Rule 41(b) states "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move

to dismiss the action or any claim against it."

Defendants contend that the language of the Court's Order approving Defendants' deadline to assert claims states that "Claims against Defendants **shall** be served on counsel for B&D Defendants on or before June 23, 2021." Docs. 9, 51 (emphasis in motion and reply). They also argue that Supplemental Rule F(5) states "the claimant **shall** file and serve an Answer to the Complaint." FED. R. CIV. P. F(5). Defendants argue that this language does not allow for an extension of time. However, Rule F(4) also states, "[f]or cause shown, the court may enlarge the time within which claims may be filed[,]" suggesting that the Court makes the ultimate determination on whether to permit claims. *Id.* at F(4).

The Court finds that given the preference for resolving cases on their merits, as well as the fact that Marina Village filed its claim before Defendants' motion for default judgment, that it is appropriate to extend the time for Marina Village's claim to July 14, 2021 – the date the claim was filed. Consequently, Marina Village's alternative motion for extension of time to file a claim (Doc. 46) is **GRANTED** and Defendants' motion to dismiss (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** this 22nd day of June, 2022.

> s/ Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE